FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

08 DEC 30  PM 3: 42

CLERK U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

CYNTHEIA BRANCH, on behalf of herself and
all others similarly situated,

          Plaintiff,

vs.                                 Case No.: 8:08-CV-467-T-27EAJ

CREDIT UNION OF TEXAS,

          Defendant.
_____/

## ORDER

**BEFORE THE COURT** is Plaintiff's Motion for Class Certification (Dkt. 25) and Defendant's Memorandum in Opposition to Plaintiff's Motion for Class Certification (Dkt. 29). Upon consideration, Plaintiff's motion is **DENIED**.

Plaintiff filed this action against Defendant alleging violations of the Uniform Commercial Code ("UCC") with regard to a form notice Defendant sent to Plaintiff in the course of repossessing her vehicle. (Dkt. 4). Plaintiff contends that the notice failed to meet the requirements of § 679.601 of the Florida Statutes, thereby imposing liability on Defendant pursuant to § 679.625(3)(b). (Dkt. 4).

According to the Complaint, Plaintiff "entered into a [Retail Installment Sales Contract ("RISC")] with Big Oaks Buick Pontiac GMC, Inc. ("Big Oaks") . . . for the credit purchase of a Pontiac Grand Am . . . and Big Oaks immediately sold and assigned the RISC to [Defendant]." (Dkt. 4, ¶ 5). "The RISC contained a security interest clause whereby [P]laintiff granted the holder of the RISC a security interest in the Pontiac to secure payment of amounts owed under the contract."

1

(Dkt. 4, ¶ 6). Plaintiff alleges that Defendant "had an agreement with Centrix Financial, LLC ("Centrix")" whereby "Centrix would act on [D]efendant's behalf as [D]efendant's servicing agent to enforce the RISCs of debtors . . . and would fulfill [D]efendant's obligations to such debtors, including [D]efendant's obligation to send the pre-sale notice required by Section 679.611 and 679.614 Fla. Stat. . . . following repossession of the[ ] collateral." (Dkt. 4, ¶¶ 8, 9).

In June 2004, on Defendant's behalf, Centrix repossessed Plaintiff's vehicle. (Dkt. 4, ¶ 10). On June 25, 2004, Centrix sent Plaintiff a pre-sale notice. (Dkt. 4, ¶ 11). After repossession of the vehicle, it was sold at auction on or about August 11, 2004. (Dkt. 4, ¶ 11). According to Plaintiff, the pre-sale notice was violated the Florida statutes because: (1) it did not describe the secured party; (2) it did not state the intended method of disposition of the collateral; (3) it did not state the intended time and place of a public disposition of the collateral or the intended time after which any other disposition was to be made; (4) it did not provide a phone number at which the redemption amount was available; (5) it did not disclose a phone number for the purpose of learning the amount of money required to pay to the secured party to redeem the collateral; and (6) it did not disclose a phone number or mailing address from which additional information concerning the disposition of the collateral and the obligation secured was available. (Dkt. 4, ¶ 12).

In response to Plaintiff's claims, Defendant raises several defenses. (Dkt. 24). Defendant contends that Plaintiff's claims are barred because Big Oaks committed fraud and did not obtain Plaintiff's signature on the contract assigned to Defendant. (Dkt. 24, p. 3). Defendant contends Plaintiff's claims are barred by judicial estoppel as a result of a separate lawsuit filed by Plaintiff against Big Oaks and Centrix, case no. 53-2005CA-003306-0000-00, Plaintiff represented that there was no valid sales contract. (Dkt. 24, p. 4). Defendant contends that Plaintiff's claims are barred

by the doctrine of unclean hands because she attempted to avoid payment of the debt by fraudulently claiming that she was disabled, could not work, and had been promised disability insurance from Big Oaks. (Dkt. 24, p. 5). Defendant asserts a counterclaim for declaratory judgment, seeking a determination that the contract for the sale of Plaintiff's vehicle is not valid. (Dkt. 24, pp. 7-9). In the alternative, Defendant asserts a counterclaim for a deficiency judgment resulting from the deficiency after resale of the vehicle. (Dkt. 24, pp. 9-13).

In response to Defendant's counterclaim, Plaintiff asserts several defenses. (Dkt. 27). Among other defenses, Plaintiff asserts that Defendant's claim is barred by fraud because Big Oaks falsely represented to her that she was purchasing credit disability insurance coverage as part of her contract, when in fact there was no coverage. (Dkt. 27, p. 5). According to Plaintiff, she became disabled due to an injury sustained in a car accident and due to the lack of disability insurance coverage on the contract, Plaintiff fell behind in her payments thus causing her car to be repossessed. (Dkt. 27, p. 5).

Plaintiff's motion for class certification seeks certification of the following class of persons:

The class of persons similarly situated consists of all persons in Florida:

a. Who purchased a motor vehicle or similar consumer good financed through a retail installment contract/security agreement or similar financing instrument which was sold or assigned to [D]efendant;
b. Whose motor vehicle was repossessed by [D]efendant or another on [D]efendant's behalf; and
c. To whom [D]efendant or another on [D]efendant's behalf sent a notice of the intended sale of the repossessed motor vehicle, which form of notice was the same as, or substantially similar to, in form to the notice [sent to Plaintiff].

(Dkt. 4, ¶ 14). Defendant opposes the motion, arguing class certification is improper because Plaintiff cannot meet the requirements of Rule 23(a) and Rule 23(b).

3

## APPLICABLE STANDARDS

In order to obtain class certification, Plaintiff must show that the four prerequisites of Rule 23(a) are met and that one of the provisions of Rule 23(b) applies. *See* Fed.R.Civ.P. 23; *Kirkpatrick v. J.C. Bradford & Co.*, 827 F.2d 718, 721 (11th Cir. 1987). Rule 23(a) requires the proposed class representatives demonstrate that:

> (1) the class is so numerous that joinder of all members is impracticable (numerosity);
>
> (2) there are questions of law or fact common to the class (commonality);
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class (typicality); and
>
> (4) the representative parties will fairly and adequately protect the interests of the class (adequacy of representation).

*See* Fed.R.Civ.P. 23(a).

Additionally, because Plaintiff seeks class certification under Rule 23(b)(3), the Court must find that (1) the questions of law or fact common to the members of the class predominate over those questions affecting individual members only, and (2) that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. *See* Fed.R.Civ.P. 23(b)(3)[1];

---

[1] Rule 23(b)(3) provides:
(b) An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:

\* \* \*

(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

*Kirkpatrick*, 827 F.2d at 721.

The merits of Plaintiff's claims are not to be evaluated when determining whether the requirements of Rule 23 have been satisfied. *Kirkpatrick*, 827 F.2d at 722. However, a court "may look beyond the allegations of the complaint in determining whether a motion for class certification should be granted." *Kirkpatrick*, 827 F.2d at 722. "It is necessary to analyze the plaintiffs' factual allegations, the record evidence pertinent to class action issues, and the applicable law in order to understand and evaluate the propriety of the class action device . . ." *Anderson v. Bank of the South, N.A.*, 118 F.R.D. 136, 138 (M.D. Fla. 1987); *see also Love v. Turlington*, 733 F.2d 1562, 1564 (11th Cir. 1984) (stating that the limitation on examining the merits "should not be talismanically invoked to artificially limit a trial court's examination of the factors necessary to a reasoned determination of whether a plaintiff has met her burden of establishing each of the Rule 23 class action requirements").

## DISCUSSION

Defendant contends class certification is inappropriate because Plaintiff fails to meet three of the four prerequisites of Rule 23(a), namely, commonality, typicality and adequacy of representation.[2] Specifically, Defendant contends the circumstances of Plaintiff's case present unique defenses and counterclaims which will dominate the focus of the case. Additionally, for the same reasons, Defendant contends Plaintiff cannot meet Rule 23(b)(3)'s predominance and superiority requirements.[3]

---

[2] Defendant does not contest numerosity.

[3] There is considerable overlap among Rule 23(a)'s commonality, typicality and adequacy of representation requirements and Rule 23(b)'s predominance requirement. *See In re Amerifirst Securities Litigation*, 139 F.R.D. 423, 429 n. 2 (S.D. Fla. 1991).

1. **<u>Prerequisites of Rule 23(a)</u>**

   *Commonality*

   The commonality prerequisite requires that Plaintiff assert common questions of law or fact. *See* Fed.R.Civ.P. 23(a). Generally, commonality is met where at least one legal issue is shared by all class members. *See Boca Raton Community Hospital, Inc. v. Tenet Healthcare* Corp., 238 F.R.D. 679, 691 (S.D. Fla. 2006); *see also Cheney v. Cyberguard Corp.*, 213 F.R.D. 484, 488 (S.D. Fla. 2003) (finding a single common question of law or fact is sufficient to satisfy the commonality requirement, as long as it affects all class members alike) (citing *Stewart v. Winter*, 669 F.2d 328 (5th Cir. 1982)).

   Plaintiff seeks to certify a class of individuals who purchased a vehicle by entering into a RISC or other security agreement and who received a notice of the intended sale in connection with repossession of the vehicle. The claims against Defendant consist of allegations relating to the sufficiency of the form notice sent to the purported class members, namely, whether the form notice complies with UCC Article 9 requirements. From the face of Plaintiff's complaint, therefore, it appears that there is at least one common question of fact and law, whether the form notice issued on Defendant's behalf complied with the UCC. Accordingly, Plaintiff has met the commonality requirement. *See Cheney*, 213 F.R.D. at 490 ("[t]he threshold for commonality is not high") (citing *Forbush v. J.C. Penney*, 994 F.2d 1101, 1106 (5th Cir. 1993)); *see also, Cox v. American Case Iron Pipe Co.*, 784 F.2d 1546, 1557 (11th Cir. 1986), *cert. denied*, 479 U.S. 883, 177-178 (1986) (the commonality prerequisite does not require that all of the questions of law or fact raised by the case be common to all the plaintiffs).

*Typicality and Adequacy of Representation*

While there may be some common issues among the putative class members in this case, there are a substantial number of issues that are not common to the class and several unique defenses raised by Defendant that are not typical of the other potential class members. Accordingly, Plaintiff's claim cannot be said to be typical. Moreover, because of the allegations of fraud and invalid contract, her ability to adequately represent other class members is questionable.

Both the commonality and the typicality requirements focus on whether a sufficient nexus exists between the legal claims of the named class representative and those of the individual class members to warrant class certification. *Prado-Steiman v. Bush*, 221 F.3d 1266, 1278-79 (11th Cir. 2000). However, the two requirements differ in that "commonality" refers to the class characteristics as a whole and "typicality" concerns the individual characteristics of the class members in relation to the class. *See Perez v. Metabolife Int'l., Inc.*, 218 F.R.D. 262, 270 (S.D. Fla. 2003).

Simply put, Rule 23(a) requires that the plaintiff present claims that are typical of the claims of the class. *See Appleyard v. Wallace*, 754 F.2d 955, 958 (11th Cir. 1985); Fed.R.Civ.P. 23(a). "A class representative must possess the same interest and suffer the same injury as the class members . . ." *Murray v. Auslander*, 244 F.3d 807, 811 (11th Cir. 2001). "A sufficient nexus is established if the claims or defenses of the class and the class representatives arise from the same event or pattern or practice and are based on the same legal theory." *Cheney*, 213 F.R.D. at 491 (citing *Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1337 (11th Cir. 1984)). "[T]he named representatives must be able to establish the bulk of the elements of each class members' claims when they prove their own claims." *See General Telephone Company of Southwest v. Falcon*, 457 U.S. 147 (1982); *see also Stirman v. Exxon Corp.*, 280 F.3d 554, 562 (5th Cir. 2002) ("the critical

inquiry is whether the class representative's claims have the same essential characteristics of those of the putative class"; "[i]f the claims arise from a similar course of conduct and share the same legal theory, factual differences will not defeat typicality").

The facts surrounding Plaintiff's claims and Defendant's defenses are not typical of those of the putative class. Plaintiff's case does not merely involve whether the notice sent to her during the repossession of her vehicle met the requirements of the UCC. Rather, a substantial issue in her case is whether a valid sales contract exists and in turn, whether Defendant is a secured party subject to the UCC. Further, allegations of fraud have been raised by Plaintiff as well as Defendant. While generally, claims arising out of form notices are well suited for class certification, here, the common issue concerning the sufficiency of the form notice is dwarfed by the other issues raised in Plaintiff's case. Moreover, if Defendant is successful on its counterclaim and Plaintiff's sales contract is found to be invalid, Plaintiff will no longer possess the same interests as the putative class in connection with the repossession of the vehicle. Essentially, Plaintiff would no longer fall within the class she seeks to certify, as she would not have purchased "a vehicle . . . through a retail installment contract/security agreement or similar financing instrument which was sold or assigned to [Defendant]. . ."

Plaintiff's unique factual situation and her claims of fraud and contract invalidity require her to overcome defenses not typical of the class as a whole. As a result, Plaintiff cannot show that her claims are typical of the class claims, as required by Rule 23(a)(3). Neither can she demonstrate that she "will fairly and adequately protect the interests of the class," as required under Rule 23(a)(4). See *O'Neill v. The Home Depot*, 243 F.R.D. 469, 478-79 (S.D. Fla. 2007) (holding plaintiff not typical or adequate representative of class because of substantial issues and defenses not typical of

all class members); *see also Beck v. Maximus, Inc.*, 457 F.3d 291, 296, 300-01 (3d Cir. 2006) (recognizing that plaintiff is neither typical nor adequate if subject to unique defense that is likely to become major focus of the litigation); *Gary Plastic Packaging Corp. v. Merill Lynch, Pierce, Fenner & Smith, Inc.*, 903 F.2d 176, 180 (2d Cir. 1990) (typicality not present if the class representatives are subject to unique defenses that could be central to the litigation); *Ross v. Bank South, N.A.*, 837 F.2d 980, 990-91, *vacated on other grounds*, 848 F.2d 1132, 1133 (11th Cir. 1988) ("even an arguable defense can vitiate" certification "if it will distract the named plaintiff's attention from the issues common to the class").

2. **The Predominance Requirement - Rule 23(b)**

Even if Plaintiff could satisfy Rule 23(a)'s requirements, she must also satisfy the requirements of Rule 23(b). *Jackson v. Motel 6 Multipurpose, Inc.*, 130 F.3d 999, 1005 (11th Cir. 1997). To satisfy Rule 23(b)(3), the issues in the class action that are subject to generalized proof, and thus applicable to the class as a whole, must predominate over those issues that are subject only to individualized proof. *Id.* at 1005-6. "The predominance inquiry focuses on 'the legal or factual questions that qualify each class member's case as a genuine controversy,' and is 'far more demanding' than Rule 23(a)'s commonality requirement." *Id.* (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591 (1997)). In considering whether individual issues predominate, it is appropriate to consider counterclaims. *See Heaven v. Trust Co. Bank*, 118 F.3d 735, 738 (11th Cir. 1997) (denying certification of the class because defendant's counterclaims prevented plaintiff from establishing predominance element pursuant to Rule 23(b)(3)).

From the pleadings it is apparent that Defendant's defenses and counterclaims will significantly impact if not predominate Plaintiff's claims. Those defenses are not likely to apply to

9

other class members and therefore may compromise their interests. Specifically, the questions concerning the validity of Plaintiff's contract and the alleged fraud in the execution of Plaintiff's contract will predominate over issues common to the class concerning the adequacy of the form notice. These questions of fact and law are individualized and likely would result in members of the putative class "opting out" under Rule 23(c)(2). For these reasons, the class issues do not predominate over the myriad of individual issues related to Plaintiff's claims. Neither has Plaintiff established that a class action is superior to other available methods for the fair and efficient adjudication of the controversy, which is also required by Rule 23(b)(3). Accordingly, it is

**ORDERED AND ADJUDGED** that Plaintiff's Motion for Class Certification (Dkt. 25) is **DENIED**.

**DONE AND ORDERED** in chambers this 29th day of December, 2008.

JAMES D. WHITTEMORE
United States District Judge

Copies to counsel of record